<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LUIS PACHECO,<br><br>Defendant | Criminal Action No. 95-cr-70 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court on Defendant's Motion for Sentence Reduction (ECF No. 49 ("Def.'s Mot.")) pursuant to 18 U.S.C. § 3582 and U.S.S.C. Retroactive Amendment 782 ("Amendment 782"). For the reasons set forth below, Defendant's Motion for Sentence Reduction is granted.

**I.     PROCEDURAL BACKGROUND**

On August 1, 1995, Defendant Jorge Luis Pacheco (a.k.a. Cipriano Montano-Torres) was convicted after a jury trial of four charges for his role in a drug-related kidnapping and conspiracy to distribute cocaine. (Gov't Opp'n at 1-2; Def.'s Mot. at 1.) Defendant's original offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was 40. (Sentencing Hr'g Tr. (Feb. 16, 1996) at 67:1.) His criminal history category was I. (*Id.* at 67:1-2.) These levels resulted in a mandatory Guidelines range of 292 to 365 months. (*Id.* at 2; Def.'s Reply at 1.) After noting the tragedy and seriousness of the offenses, Judge Barry sentenced Mr. Pacheco to 292 months for all four counts to be served concurrently. (Gov't Opp'n at 6-7; Sentencing Hr'g Tr. at

94:12-18.) Although 292 months was the bottom of the Guidelines range, Judge Barry acknowledged that the length of the sentence was a strong sentence that would "send a message that this conduct will not be tolerated." (Sentencing Hr'g Tr. at 92:9-13.) Mr. Pacheco was thirty-three at the time of his sentencing. (*See id.* at 74:2-3.) To date, he has served 248 months of his original sentence. (Def.'s Reply at 2.)

On November 1, 2014, Amendment 782 was enacted, reducing the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. The Amendment is retroactive, effective November 1, 2015. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. Here, the Government agrees "that Defendant is eligible for a sentencing reduction." (Gov't Opp'n at 12.) Thus, Amendment 782 lowers Defendant's offense level to 38 from 40, and his amended Guideline range is correspondingly reduced to 235 to 293 months. (Def.'s Mot. at 3-6.)

Defendant asks for his sentence to be reduced to the bottom of the amended range—235 months. (Def.'s Mot. at 1.) The Government, on the other hand, argues that Defendant's sentence should not be reduced because of public safety issues given his original criminal conduct, his refusal to accept full responsibility for the kidnapping charges, and his lack of candor in his letter filed in support of his motion for a sentence reduction. (Gov't Opp'n at 19-20.)

## II.  FACTUAL BACKGROUND

Defendant was a member of a drug conspiracy distributing cocaine from Colombia to New York by way of Texas that ultimately resulted in the kidnapping of a drug associate and his family. (Govt.'s Opp'n at 2-6.) Defendant and his co-conspirators held the drug associate, his wife, and their four children hostage from December 28, 1994 to December

31, 1994. (*Id.* at 4.) During the period of captivity, the hostages were threatened with personal harm as well as harm to their family in Colombia. (*Id.* at 4-5.) A SWAT team eventually raided the location and Defendant and his co-conspirators were arrested. (*Id.* at 6.)

The ringleader of this group, Omar Torres-Montalvo (*Id.* at 2), was also sentenced by Judge Barry on February 16, 1996, to "be imprisoned for the remainder of his natural life" (Sentencing Hr'g Tr. at 93:9-15). Mr. Torres-Montalvo was in his 20s when he was originally sentenced (No. 95-70, Torres-Montalvo Op., ECF No. 44, at 5.), and his original mandatory Guidelines sentence was life imprisonment (No. 95-70, Torres-Montalvo, Def.'s Reply, ECF No. 43, at 1). Upon application for a sentence reduction by Mr. Torres-Montalvo, and after weighing the seriousness of his original conduct, his post-conviction conduct (including a recent incident of fighting), and questions regarding his identity against his overall good behavior in his twenty years in prison, the reduced likelihood of recidivism given his age, and his expected detainer by Customs for deportation upon release, this Court granted a sentence reduction to 600 months from life imprisonment. (No. 95-70, Torres-Montalvo Op., ECF No. 44, at 9.)

Here, there are similarities with Mr. Torres-Montalvo's sentence reduction application and Mr. Pacheco's. Both Mr. Torres-Montalvo and Mr. Pacheco were involved in the same extremely serious and violent original conduct, they both have served over twenty years in prison, they are both expected to be at an age indicating a lower likely rate of recidivism upon release, they both earned their GEDs and became proficient in English and completed other programs while in custody, and they are both subject to an immigration detainer upon release. Mr. Pacheco also has maintained consistent

3

employment and repaid his $5,000 fine. (Def.'s Mot. at 11 and Ex. B.) Unlike Mr. Torres-Montalvo, Mr. Pacheco was not the "ring-leader" of the conduct, and has an almost unblemished post-conviction record, with no violent infractions. (Def.'s Reply at 2.) In fact, according to Bureau of Prison records, Mr. Pacheco is tentatively scheduled for "Good Conduct Time Release" on March 15, 2016. (Def.'s Mot., Ex. B at "PP44" (dated Feb. 17, 2015).) Finally, although Mr. Pacheco generally takes responsibility for his criminal acts, he does not take responsibility related to the kidnapping charges. (*See* Def.'s Mot., Ex. A., Pacheco Ltr. at 2.)

### III.   LEGAL STANDARD

Amendment 782 "reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties." U.S.S.G. Manual Amendment 782 (U.S. Sentencing Comm'n 2014). The amendment was passed to reflect the Sentencing Commission's finding that "setting the base offense levels slightly above the mandatory minimum penalties is no longer necessary to achieve its stated purpose," and "was also motivated by the significant overcapacity and costs of the Federal Bureau of Prisons," as the amendment is expected to help alleviate prison crowding issues. *Id.* A defendant is eligible for a sentence reduction under Amendment 782 if the previously calculated Guideline range is lowered by a reduction of their offense level, and they were not sentenced at or below the bottom of the now-amended Guidelines range before. *Id.* When a defendant is eligible for a sentence reduction pursuant to Amendment 782, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

4

3582(c)(2) (2012). While courts *may* reduce sentences pursuant to these provisions, a court is not *required* to do so. *See United States v. Styer*, 573 F.3d 151, 152-53 (denial of reduction within court's discretion where original sentence was 180 months pursuant to a range of 151-188 months, and the amended range was 121-151 months).

Section 1B1.10 is the Guidelines policy statement which implements 18 U.S.C. § 3582(c)(2), and the commentary accompanying the policy statement directs the court to consider the following factors when a sentence reduction is requested: (i) the factors set forth in 18 U.S.C. § 3553(a); (ii) public safety considerations; and (iii) post-sentencing conduct. U.S.S.G. Manual § 1B1.10 cmt. 1B(i)-(iii) (U.S. Sentencing Comm'n 2014). Section 3553(a) states that the court "shall impose a sentence sufficient, but not greater than necessary," and directs the court to consider the following factors in tailoring an appropriate sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
> (4) the need for the sentence imposed to protect the public from further crimes of the defendant;
> (5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (6) the kinds of sentences available;
> (7) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
> (8) any pertinent policy statement;
> (9) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (10) the need to provide restitution to any victims of the offense.

## IV. ANALYSIS

The primary arguments of the Government in opposing any reduction for Mr. Pacheco relate to the serious nature of the original conduct, and what the Government deems a lack candor (untruthfulness) in Mr. Pacheco's letter to the Court. With respect to the original conduct, the Government argues:

> This was not an ordinary drug distribution conspiracy, and Defendant was not a mid-level player. Defendant was the "right-hand man" to Torres-Montalvo, the leader of a large-scale cocaine distribution ring, and they resorted to kidnapping to further their objectives. The fact that Defendant's conduct—and the resultant sentence imposed—went beyond drug distribution was made plain by Judge Barry shortly before imposing sentence on Defendant: "unfortunately, all a judge can do when confronted with this amount of drugs, and these violent crimes, is to impose strong sentences, to punish to be sure, but also to send a message that this conduct will not be tolerated."

(Gov't Opp'n at 15 (citations omitted).) Mr. Pacheco chose not to speak on his behalf at his original sentencing. (Sentencing Hr'g Tr. at 74:23-25.) This Court is not bound by Judge Barry's original assessment as expressed above in evaluating whether a reduction at this time is appropriate, but the Court does note that what Judge Barry was confronted with given the above described circumstances was a Guidelines range of 292 to 365 months, and she chose a sentence at the bottom of that range.

This Court agrees with the Government that Mr. Pacheco's original conduct as convicted was reprehensible. However, in evaluating the continuing public safety risk posed by Mr. Pacheco, the Court also notes he had a criminal history category of I at that time.[1] He has served 248 months in prison to date with less than a handful of minor infractions, none of which involve violent behavior. (*See* Def.'s Mot., Ex. B.) He is

---

[1] The Court recognizes that Mr. Pacheco came to this country illegally from Columbia (*see* Sentencing Hr'g Tr. at 92: 18-20), so his criminal record in the United States may not be reflective of his complete criminal history. Nevertheless, before the Court at age 33 when he was sentenced, he had a criminal history category of I.

6

currently 53 years old. (*Id.*) He has taken advantage of numerous prison programs, been employed, and repaid his fine. And, upon release, he will be subject to an immigration detainer. For these reasons, the Court disagrees that the nature of the original conduct alone demonstrates a continued public safety risk justifying no reduction whatsoever.

On the other hand, the Court does recognize that Mr. Pacheco refuses to take responsibility for the full extent of his criminal conduct, in particular he fails to acknowledge the seriousness of the kidnapping charges for which he was found guilty. His submissions also reflect some lack of candor with the Court. To the extent that the Government suggests the lack of candor is untruthfulness, the Court finds it unnecessary to make such a characterization. It is sufficient to note that Mr. Pacheco suggests that he is experiencing severe medical issues and that he is "slowly dying." (*See* Def.'s Mot., Ex. A.) The records submitted in Defendant's reply, which indicate some potential health issues, do not support the dramatic characterization made by Mr. Pacheco. (*See* Def. Reply.) Also, Defendant submitted numerous character letters of support. (*See* Def.'s Mot., Ex. C.) Most of the letters, however, are almost verbatim form letters from alleged relatives and friends in Colombia. (*Id.*) From most of these letters it is impossible to understand how long these people have known Mr. Pacheco, whether they have a personal basis for their statements (aside from the mere fact of relation or past friendship), and/or whether they have had any communication with him in his twenty plus years in prison in the United States. For example, many of the letters state: "He is and has been the support system of the family." (*Id.*) Such letters do little to support Mr. Pacheco's cause given the lack of real substance or context for such statements.

Section 1B1.10 directs the Court to impose a sentence based on public safety considerations, post-sentencing conduct, and the factors in § 3553(a). U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1B(i)-(iii) (U.S. Sentencing Comm'n 2014). A proper sentence is to be "sufficient, but not greater than necessary," to achieve the stated goals of deterrence, justice, and rehabilitation. 18 U.S.C. § 3553(a) (2012). With these policies in mind, and for the reasons discussed above, the Court finds that a sentence reduction for Mr. Pacheco is proper here, though it denies Defendant's request for a 235-month sentence. The Court finds that a new sentence of 260 months to be served concurrently for all counts is a strong sentence reflecting the severity of the crimes committed and best serves the policy goals underlying Amendment 782 and the related statutes.

Counsel for Mr. Pacheco has indicated that it is unknown how this reduction will affect the Bureau of Prisons' calculation of Mr. Pacheco's "Good Conduct" time and his current projected release date. (*See* Def.'s Reply at 2.) The Court does not make any ruling with respect to application of Mr. Pacheco's good conduct time, leaving the Bureau of Prisons to apply the good conduct time in its discretion and as is appropriate given Mr. Pacheco's new sentence of 260 months.

V.  **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Sentence Reduction (ECF No. 49) is granted. Defendant's sentence is reduced from 292 months to 260 months to be served concurrently on all counts. Pursuant to Amendment 782, the order reducing Defendant's sentence does not become effective until November 1, 2015. An appropriate Order accompanies this Opinion.

DATED: September 24, 2015

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE

9